## EPHRAIM BROWN vs. ENOCH GAMMON.

Where two acts are to be performed at the same time, neither party can maintain an action against the other, without performance or tender of performance on his part, unless it be expressly waived by the defendant, or excused by his disability.

If one be bound to convey land, "the title to be a good and sufficient deed," a good title by deed should be conveyed,

Where the parties entered into mutual covenants whereby one agreed to convey land to the other on payment of a certain sum at a fixed time and place, and the other agreed then and there to pay the price for the land, "the title to be a good and sufficient deed;" and where both parties met at the time and place, and the one demanded a deed, but tendered no money, and the other said he was willing to give a deed, but made no tender of it, he having no title to the land, either at the time the contract was made, or was to be carried into execution, but with the knowledge of the other party having the owner of the land present, and ready to convey on payment of the money; *it was held,* that no action could be maintained.

EXCEPTIONS from the Court of Common Pleas, *Whitman C. J.* presiding.

Brown *v.* Gammon.

The action was debt on an instrument under the hands and seals of *both parties,* dated *Dec.* 26, 1835; and commences, "Know all men by these presents, that I, *Enoch Gammon,* am bound unto *Ephraim Brown* in the sum of one thousand dollars, to convey to him, his heirs, or assigns, 3600 acres of land," described, and then continues, "the title *to be a good and sufficient deed;* the condition of payment to be one half down or on the conveyance, at one dollar and fifty cents per acre, and the residue in one year. And the said *Brown* agrees on his part to pay to the said *Gammon* the sum of one thousand dollars in case of failure to fulfil his part of the contract. The writings to be made at" a place named "on *Wednesday* next."

At the time fixed, the parties met, and *Brown,* having the bond, said to *Gammon,* that he was ready to comply with it, and demanded a deed; *Gammon* replied, that he had a deed ready for him, and showed a paper having the form of one, but it did not appear what was written therein. Nothing further was done by either party, and they separated. The plaintiff then proposed to prove in excuse for not tendering money or securities, that the defendant did not in fact then own the land in fee, and had not since the bond was made; and the defendant urged, that this was immaterial, as the plaintiff could not recover without offering to perform on his part. The Judge ruled, that if the defendant was not owner in fee at the time he had contracted to convey, and when tendering a deed according thereto, this fact excused the plaintiff from any further tender of performance on his part, and that the defendant was liable. The plaintiff then proved, that the defendant did not own the land. The defendant then offered to prove, that when the obligation was entered into, the plaintiff was informed by the defendant, and well knew, that the defendant was not the owner of the land, and that at the time when the bond was out and the parties met, the defendant had made such arrangements with the owner, that he was then and there prepared to furnish a good title to the land, if the plaintiff had offered performance on his part, and that the owner was present at the time and place for that purpose, and that the plaintiff had full knowledge of this at the time. This testimony was rejected by the Judge, as furnishing no defence. The defendant then offered the same testimony in

reduction of the damages the plaintiff might recover. But it was ruled to be inadmissible for that purpose. The plaintiff contended, that if he was entitled to recover any thing, it was the sum of one thousand dollars mentioned in the bond, as liquidated damages. But the Judge ruled, that this sum was to be considered as a penalty, and subject to chancery; that the plaintiff was entitled to recover nominal damages, and such further damages, as he could prove he had sustained. The jury returned a verdict for the plaintiff for the sum of seventy-four dollars. The plaintiff excepted to the ruling of the Judge in relation to the amount of damages, and the defendant excepted to the ruling in all other particulars. The question arising on the plaintiff's exceptions, was argued by the counsel, but as a new trial was granted on the exceptions by the defendant, without noticing those of the plaintiff, these arguments are omitted.

*Codman*, for the plaintiff, contended, that the defendant had incapacitated himself to convey, and that therefore the plaintiff need not make any tender. *Newcomb* v. *Brackett*, 16 *Mass. R.* 161; *Fairfield* v. *Williams*, 4 *Mass. R.* 427. The evidence to prove, that the plaintiff knew the defendant had no title, when the contract was made, is inadmissible, both as varying a written instrument, and as immaterial, because the defendant should within the time have placed himself in a condition to make the conveyance. *Wells* v. *Baldwin*, 18 *Johns. R.* 45; *Boston Glass Man. Co.* v. *Binney*, 4 *Pick.* 425. The testimony, that the owner was there and would have conveyed on a certain contingency, is liable to the same objection; and besides, that the plaintiff was not obliged to take a deed from any one, but the defendant.

*W. P. Fessenden*, for the defendant.

The defendant agrees to convey to the plaintiff a certain quantity of land on certain conditions by " a good and sufficient deed." The plaintiff has no right to insist on the deed of the defendant, if he can obtain a good title to the land. The question must be determined, according to the intent of the parties, from the instrument itself, upon a common sense view of the contract. *Johnson* v. *Reed*, 9 *Mass. R.* 78; *Gardiner* v. *Corson*, 15 *Mass. R.* 500; *Campbell* v. *Jones*, 6 *T. R.* 571.

The rule is well settled, that where two acts are to be done at the same time, neither party can maintain an action against the other, without shewing performance or tender of performance, on his part. *Goodison* v. *Nunn*, 4 *T. R.* 761; 1 *Saund.* 320, *c.*; *Gardiner* v. *Corson*, 15 *Mass. R.* 500; *Porter* v. *Rose*, 12 *Johns. R.* 212; *Green* v. *Green*, 9 *Cowen*, 46. And this must be an absolute *tender* of performance. A mere allegation of readiness to perform will not do. *St. Albans* v. *Shore*, 2 *H. Black.* 278; *West* v. *Emmons*, 5 *Johns. R.* 181; *Douglas*, 690; *Noy*, 74; 1 *Salk.* 113; *Chitty on Pl.* 310 *to* 325; *Green* v. *Reynolds*, 2 *Johns. R.* 209; *Brown* v. *Bellows*, 4 *Pick.* 179. An averment of "ready and willing" is only sufficient when accompanied by an allegation, that he was hindered by the other party. 2 *Saund.* 350; 1 *Roll. Ab.* 465. The cases relied on by the plaintiff go no farther, than this: that where a party makes a contract, and then voluntarily disables himself from performing it, and thus shows his intention not to perform, that the other party is excused from tendering performance. Here no act was done by the defendant to disable himself from performing his contract, and the plaintiff knew it, and in fact knew of his readiness to perform.

He argued, that the testimony offered by the defendant was clearly admissible, as showing the state of facts with reference to which the parties contracted, and not affecting the written contract, and on the question of damages.

After a continuance, the opinion of the Court was drawn up by

WESTON C. J.—If we give a literal construction to the bond, upon which the plaintiff declares, the title which he was to receive, was a good and sufficient deed. When the demand was made upon the defendant, he said he had a deed ready, which was shown, but not delivered. He was under no obligation to deliver it, without a concurrent performance of the conditions, stipulated on the part of the plaintiff. If the good and sufficient deed from the defendant, was the title the plaintiff was to have, the defendant had not disabled himself from executing such a deed, and for any thing which appears, such was the deed he had ready; and a tender from the plaintiff, upon this construction, was not excused.

Brown *v.* Gammon.

But if the defendant had no title to the land, we do not think that the plaintiff, upon a fair and just construction of the instrument was bound to receive a deed from him, with whatever formality executed, or by whatever covenants secured. The plaintiff had a right to claim a good title. On the other hand, if the defendant, had it in his power, to cause a good title to be made to the plaintiff, and had the owner there ready and willing to make a valid and effectual conveyance to him, we cannot but think, that this would have been such a substantial performance on his part, as ought to relieve him from the payment of damages, whether they are to be regarded as liquidated, or such as might be fixed by the jury. The plaintiff would have received a good title, which is all he had a just right to require under the contract. If the defendant caused such a title to be conveyed, it is a performance to all substantial and valuable purposes.

The plaintiff now insists, that he is entitled to recover a thousand dollars of the defendant, because he neither performed, nor was able, as the title then stood, to perform. This, in our opinion, would not comport with the justice of the case. The defendant had, ready at hand, the power of substantial fulfilment on his part. And we are further of opinion, that upon the facts offered to be proved, a tender by the plaintiff was not excused. If it had been made, for any thing which appears, the owner was as ready to convey to the defendant, as to the plaintiff, and the defendant might thereupon have conveyed to the plaintiff, if the latter had insisted upon this circuitous mode, and would not have been satisfied with a direct conveyance from the owner. The defendant, having made his arrangements with him, had the means of fulfilment in his power, even literally, if such was the obligation of his contract. And as performance on both sides was to be concurrent, the authorities cited clearly show, that the plaintiff cannot maintain his action, without a tender on his part, unless it is expressly waived by the defendant, or excused by his disability. We sustain, therefore, the exceptions taken by the defendant, which renders it unnecessary to consider those of the plaintiff.

*New trial granted.*